**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**CHRISTOPHER NEWTON WHITE and**
**HELEN LOUISE WHITE**                                              **PLAINTIFFS**

**v.**                              **Civil No.   5:11-cv-5189**

**JUDGE JAY FINCH ET AL.**                                          **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

Plaintiffs in this action are Christopher Newton White, an inmate at the Arkansas Department of Correction in Grady, Arkansas, and Helen Louise White, a non-prisoner individual.  Both Plaintiffs have filed a Motion to Proceed *in forma pauperis* ("IFP")(Docs.  3, 5), and have commenced this case by filing a pleading entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  (Doc.  1).  They have named as Defendants: Judge Jay Finch, Brenda DeShields, Tammy Mullins, Candace Gonzales, Ken Farris, Connie Farris, Billy Fouts, and Tammy Fouts.  (<u>Id.</u>)

The matter is presently before the Court for initial screening of Plaintiff Christopher White's pleading pursuant to 28 U.S.C. § 1915A, and review of Plaintiff Helen Louise White's application to proceed IFP.  The Court has also reviewed and considered the Motion to Dismiss (Doc. 7) filed by Defendants Fouts, Gonzalez and Mullins, as well as the Plaintiffs' response to that Motion. (Docs.  9, 10).

For the reasons discussed below, this Court recommends that

this action be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).  Alternatively, the Court also finds that the Motion to Dismiss (Doc.  7) should be granted on the same grounds that require the dismissal under Section 1915A and under the review of Helen White's IFP application.  As the grounds for the Motion to Dismiss to be granted as to Defendants Fouts, Mullins, and Gonzalez overlap the grounds for dismissal under section 1915A and the IFP statute, the Court will discuss the grounds as a whole.

I.    **BACKGROUND**

The following facts were presented to the Court in Plaintiffs' Complaint (Doc.  1) and in the Brief in Support of Plaintiffs' Complaint (Doc.  2).  Plaintiffs state they are suing Defendants pursuant to 42 U.S.C. §§ 1983 and 1985.  Plaintiffs allege that they completed what they refer to as a "private administrative process" with Defendant Candace Gonzalez, on or about March 12, 2007. (Doc. 2).  Ms.  Gonzalez is employed by the Benton County, Arkansas Department of Health and Human Services.   (Id.) Plaintiffs allege the private administrative process consisted of mailing to Ms. Gonzalez a copy of a document entitled "Private Request for the Nature and Cause of the Continued Restraint and Taking of Injured Party Petitioners God-given Unalienable Common-Law Tangible Personal and Private Property in the Nature of a Bill of Particulars in the Nature of Arkansas Rules of Civil Procedure

-2-

#12(e)" on January 24, 2007.  (Id.)  This document contained a Notice of Demand, which gave Ms. Gonzalez an allotted amount of time for response.  (Id.)  Ms. Gonzalez did not respond to the document, and Plaintiffs then sent to her a document titled "Notice of Fault Notice to Cure," on February 14, 2007, which contained another time frame for Ms. Gonzalez to answer questions posed in the original document. (Id.)  Again, Ms. Gonzalez did not answer, and Plaintiffs then sent to her an "Affidavit of Default" and an "Affidavit of Protest" on March 9, 2007.  (Doc. 2).

Plaintiffs allege that Ms. Gonzalez' failure to respond to the filings as noted above constitutes her implied and express agreement that the commencement of filing a Petition for Termination of Parental Rights by Ms. Gonzalez on or before March 28, 2002, which resulted in the termination of Plaintiff Christopher White's parental rights on September 17, 2003, was unlawful and illegal and "thus invalid ab initio."  (Id.)

Plaintiffs further claim that Tammy Mullins, as legal counsel for Ms. Gonzalez' employer, the Benton County, Arkansas Department of Health and Human Services, knew of the "private administrative process" detailed above, which was exhausted by Plaintiffs with Ms. Gonzalez. (Id.)  Plaintiffs allege that Ms. Mullins was aware of Ms. Gonzalez' "implied and expressed agreement" with the Plaintiffs that "ensured that Plaintiffs . . . would legally and lawfully have a cause of action" and that Plaintiffs' biological

children would be returned to them.  (Id.)  Plaintiffs allege that
despite this knowledge, on October 10, 2008, Ms.  Mullins filed a
response to a "Complaint for a Writ of Replevin," which Plaintiffs
had filed with the state court in an attempt to reclaim custody of
their children.  (Id.)  Ms.  Mullins also went on to challenge the
Complaint for Writ of Replevin.  (Doc.  2).

    Furthermore, Ms.  Mullins is accused of conspiring with Billy
and Tammy Fouts and Ken and Connie Farris to impede the "implied
and expressed agreement" referenced above as to Ms.  Gonzalez.
(Id.)  Ms.  Mullins is alleged to have so conspired by filing a
motion to intervene on behalf of defendants Fouts and Farris,
regarding the custody of Plaintiffs' biological children.  (Id.)
It appears Tammy and Billy Fouts were the foster parents of the
Plaintiffs' biological children and Ken and Tammy Farris are the
adoptive parents of the children.  (Id.)

    Plaintiffs' allegation against defendants Fouts and Farris is
that each was subject to knowledge of the "implicit" agreement
between Ms.  Gonzalez and the Plaintiffs, yet failed to object to
any filings made in state court by Ms.  Mullins, and caused
Plaintiffs to suffer an unreasonable seizure and search in
violation of the Fourth Amendment.  (Id.)

    Regarding Ms.  Deshields, Plaintiffs allege that as Clerk of
Court, Ms.  DeShields allowed "legal papers" and pleadings to be
filed by Tammy Mullins on October 10, 2008, although Plaintiffs

-4-

claim this filing was not timely.  (Doc. 2).  Moreover, Plaintiffs allege Ms. DeShields failed in her duties as Circuit Court Clerk by not "ensuring that an immediate issuance of a writ of possession" was issued, requiring the Sheriff of Benton County to return Plaintiffs' property as described in the Writ of Replevin. (Id.)  It appears the "property" for which replevin was sought were the Plaintiffs' minor children.  Plaintiffs further allege Ms. DeShields violated her Oath of Office by such actions.  (Id.)

Finally, regarding Judge Jay Finch, Plaintiffs allege that the Judge entered an Order denying Plaintiffs' Writ of Replevin Complaint on November 25, 2008, although he also should have known of the "implicit agreement" existing between Plaintiffs and Ms. Gonzalez.  (Id.)  Plaintiffs also allege Judge Finch violated his Oath of Office by his actions in denying the Writ of Replevin. (Id.)

For relief, Plaintiffs request the return of their two minor biological children and damages of $20,000.00 from each Defendant for violation of Plaintiffs' constitutional rights.  (Doc. 2).

## II.  APPLICABLE LAW

Plaintiff Christopher Newton White has moved to proceed IFP. Because this plaintiff is a prisoner who is seeking redress from governmental agents and entities, the Court must first determine whether this plaintiff qualifies for such status under 28 U.S.C. § 1915(a).   In reviewing Plaintiff Christopher White's IFP

application (Doc. 2), he states that he has money in checking and savings accounts in "various amounts from family", but his institution of incarceration certified he had a balance of $154.77 in his inmate account and an average balance of $5.29 for the past six months. Accordingly, it does appear that Plaintiff Christopher White qualifies for IFP status due to his economic circumstances and his Motion to Proceed IFP (Doc. 3) is, therefore, granted and the Complaint should remain as provisionally filed.

The Court must next determine whether the cause of action stated in the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. See West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A

claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." See Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

## III.  DISCUSSION

In this case, the Complaint (Doc. 1) fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiffs are suing the Defendants on actions for which the statute of limitations has expired, or are suing Defendants who are immune from suit or are not state actors.

First, regarding the statute of limitations issue, neither Section 1983, nor Section 1985 contain their own statute of limitation.  Instead, causes of action under Sections 1983 and 1985 are governed by "the most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)(§ 1981 case); see also Wilson v. Garcia, 471 U.S. 261, 268 (1985)(§ 1983 case); Bell v. Fowler, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations. ARK. CODE ANN. 16-56-105(3) (2005); see Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001)(ARK. CODE ANN. § 16-56-105(3) is the statute of limitations applicable to §

1983 cases).  Although the statute of limitations is an affirmative
defense, a district court may properly dismiss an IFP complaint as
frivolous when it is apparent the statute of limitations has run.
Myers v. Vogal, 960 F.2d 750 (8th Cir. 1992).  The Court does note
that as to Defendants Fouts and Farris, those Defendants have also
filed a Motion to Dismiss on the grounds of the statute of
limitation having run, among other arguments.  (Doc.  7,8).

Plaintiffs' parental rights were terminated in 2003 and there
was no appeal of this termination order.  (Doc.  2-3 at 32.)  A
cause of action for a § 1983 claim accrues when the plaintiff has
a complete and present cause of action.  Wallace v. Kato, 549 U.S.
384, 388 (2007).  This point was reached, with regard to
termination of Plaintiffs' parental rights to their two children,
in 2003.  Thus, the statute of limitations for what appears to be
the underlying events in this action would have run in 2006, five
years prior to the filing of the Complaint. (Doc.  1).

Second, it appears that Plaintiffs are, in effect, seeking to
overturn a prior state court child custody and/or parental rights
determination. This Court is barred from doing so by the Rooker
-Feldman doctrine, which holds that federal review of state court
judgments is only available in the United States Supreme Court.
See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,
476 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416
(1923); see also Dodson v.  Univ. of Ark.  for Med.  Sciences,601

-8-

F.3d 750(8th Cir. 2010)(recognizing that under Rooker-Feldman
federal courts generally lack jurisdiction over section 1983 cases
wherein a state-court looser complains of injuries caused by stat-
court judgements rendered before the district court proceedings
commenced).

Moreover, "the United States Supreme Court alone has
jurisdiction to review state court decisions. [T]he lower federal
courts lack subject matter jurisdiction to consider federal claims
that would vitiate an underlying state court judgment." Johnson v.
City of Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004)
(citations omitted); see also Roman-Nose v. N.M. Dep't of Human
Services, 967 F.2d 435, 437 (10th Cir. 1992)(Federal courts do not
have subject matter jurisdiction over § 1983 claims that
effectively seek review of state court child custody
determinations).

Third, it appears Plaintiffs may be alleging their
constitutional rights were harmed by two events occurring within
the statute of limitations period. First, Plaintiffs allege that
on October 10, 2008, Defendant DeShields inappropriately allowed
legal papers to be filed and also failed to enter a Writ of
Replevin. Second, Plaintiffs allege that on November 25, 2008,
Judge Jay Finch entered an Order denying their Writ of Replevin.

Both Defendant DeShields and Defendant Finch are entitled to
immunity from Plaintiffs' suit. "Court clerks have absolute

quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." <u>Boyer v. County of Washington</u>, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted); <u>see also</u> <u>Maness v. District of Logan County–Northern Div.</u>, 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); <u>Smith v. Erickson</u>, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); <u>see also</u> <u>Davis v. McAteer</u>, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).  Clearly, the alleged action of Defendant DeSheilds in filing the legal papers presented to her by Defendant Mullins was an integral part of the judicial process and Deshields is therefore entitled to immunity for this action. Likewise, Deshields is entitled to immunity for not issuing a Writ of Replevin as the petition for such a writ was denied by the Circuit Judge.

Similar to Defendant DeShields, Defendant Finch is immune from

suit  under  Section  1983.   <u>Mireles  v.  Waco</u>,  502  U.S.  9,  11
(1991)("Judicial immunity is an immunity from suit, not just from
ultimate  assessment  of  damages");  <u>see  also</u>  <u>Duty  v.  City  of
Springdale</u>, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing
judicial functions enjoy absolute immunity from § 1983 liability."
<u>Robinson v. Freeze</u>, 15 F.3d 107, 108 (8th Cir. 1994).

Fourth and finally, it is also clear that Defendants Fouts and
Farris are not state actors, but are instead private individuals
not acting under color of state law as required for Section 1983 or
1985 liability.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988)(holding
a defendant acts under color of state law when they abuse the
position given to them by the state.)

As this recommendation finds the Complaint to be frivolous,
the undersigned does not reach the issue of Plaintiff Helen Louise
White's application to proceed IFP.

## IV.   CONCLUSION

Accordingly, I recommend that Plaintiffs' Complaint (Doc.  1)
be dismissed in its entirety.  I further recommend that as to
Plaintiff Christopher Newton White, this count as a "strike" for
purposes of 28 U.S.C. § 1915(g), and the District Court Clerk be
directed to place the appropriate case flag on this case.  The
Motion to Dismiss (Doc.  7), filed by Defendants Fouts, Gonzales,
and Mullins, is **DENIED as moot.**

**The parties have fourteen (14) days from receipt of this**

-11-

report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 6th day of January 2012.

/s/ ERIN L.  SETSER
HON.  ERIN L.  SETSER
U.S.  MAGISTRATE JUDGE