```
       IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**CHRISTOPHER NEWTON WHITE and**
**HELEN LOUISE WHITE**                                             PLAINTIFF

       v.               No. 11-5189

**JUDGE JAY FINCH, ET AL.**                                       DEFENDANTS

### O R D E R

NOW on this 15th day of February 2012, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 11), and the Objection filed by plaintiff Christopher Newton White (Doc. 14). The Court, having reviewed the Magistrate Judge's Report and Recommendation and plaintiff's Objection thereto, finds and orders as follows:

1. Plaintiffs are proceeding *pro se* and *in forma pauperis*. Plaintiffs filed their complaint on August 5, 2011, under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiffs' claims arise out of a decision made by Judge Finch on September 17, 2003, to terminate Christopher Newton White's parental rights to his two biological children. Mr. White did not appeal Judge Finch's Order terminating his parental rights.

On November 25, 2008, the Arkansas Department of Human Services sought, and Judge Finch entered, a retaining order prohibiting plaintiffs and other members of the White family from, *inter alia,* having any contact with Mr. White's biological children.

2.     As the Magistrate Judge pointed out in her Report and Recommendation, plaintiffs' claims are barred for the following reasons:

* the applicable three-year statute of limitations has run on plaintiffs' claims related to the 2003 Order terminating parental rights;
* the *Rooker-Feldman* doctrine precludes this Court's review of plaintiffs' claims related to the 2003 Order;
* Judge Finch and Brenda DeShields, the Benton County Clerk, are entitled to immunity for their actions; and
* Ken Farris, Connie Farris, Billy Fouts and Tammy Fouts (the adoptive parents of Mr. Newton's biological children) are not state actors and, thus, cannot be sued under 42 U.S.C. § 1983.

3.     Mr. Newton has filed an Objection to the Magistrate Judge Report and Recommendation in which he asserts that his claims against Tammy Mullins (Attorney for DHS), Candance Gonzales (DHS social worker) and Billy and Tammy Fouts (adoptive parents) related to the events that transpired in 2008 were filed within three years of those events and, thus, are not barred by the statute of limitations.

While the Court agrees that plaintiffs' complaint was filed within three years of the 2008 Order, plaintiffs' claims are still barred because Tammy Mullins and Candace Gonzales are entitled to qualified immunity for their actions in pursuing and obtaining the

restraining order that was subsequently entered by Judge Finch. *See Dornheim v. Sholes*, 430 F.3d 919, 925-26 (8th Cir. 2005) (dismissing complaint against state social worker where the fact of immunity was established on the face of the complaint).

Further, as set forth above, Billy Fouts and Tammy Fouts are not state actors and, thus, cannot be sued under 42 U.S.C. § 1983.

4. Mr. Newton has also submitted other objections, none of which provide any basis, in fact or law, for the Court to reject the Magistrate Judge's recommendation.

**IT IS THEREFORE ORDERED** that the **Report and Recommendation of the Magistrate Judge** (Doc. 11) **is adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE.**

The Clerk is ordered to place an appropriate strike flag on this case pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**