IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER NEWTON WHITE; and
HELEN LOUISE WHITE                                                              PLAINTIFFS

               v.            Civil No. 11-5189

JUDGE JAY FINCH; BRENDA
DESHIELDS, Court Clerk, TAMMY
MULLINS, Attorney for the Department
of Human Services; CANDACE GONZALES,
Department of Human Services; KEN FARRIS;
CONNIE FARRIS; BILLY FOUTS; and
TAMMY FOUTS                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before me for report and recommendation are the Plaintiffs' motions for leave to appeal in forma pauperis (IFP) (Docs. 17 & 18). On February 15, 2012, United States District Judge Jimm Larry Hendren dismissed the lawsuit on the grounds the claims were barred by the three-year statute of limitations, the *Rooker-Feldman* doctrine precluded this Court's review of Plaintiffs' claim related to a 2003 court order, the parties were not subject to suit under 42 U.S.C. § 1983, and the claims were frivolous and/or were asserted against individuals immune from suit (Doc. 15). Plaintiffs filed a notice of appeal on March 8, 2012 (Doc. 16).

As was discussed in greater detail in the report and recommendation filed on January 6, 2012 (Doc.11), all of Plaintiffs' claims were subject to dismissal. Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly frivolous and/or asserted against

AO72A
(Rev. 8/82)

individuals immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motions for leave to appeal (Docs. 17 & 18) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3).  I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation Reform Act.  Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit.  Fed. R. App. P. 24(a).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)