```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**CHRISTOPHER NEWTON WHITE and**
**HELEN LOUISE WHITE**                                        PLAINTIFF

       v.               No. 11-5189

**JUDGE JAY FINCH, ET AL.**                                  DEFENDANTS

### O R D E R

NOW on this 9th day of April 2012, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 20), and the Objection filed by plaintiff Christopher Newton White (Doc. 21). The Court, having reviewed the Magistrate Judge's Report and Recommendation and plaintiff's Objection thereto, finds and orders as follows:

1. Plaintiffs are proceeding before this Court *pro se* and *in forma pauperis*. Plaintiffs filed their complaint on August 5, 2011, under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiffs' claims arise out of a decision made by Judge Finch on September 17, 2003, to terminate Christopher Newton White's parental rights to his two biological children. Mr. White did not appeal Judge Finch's Order terminating his parental rights.

On November 25, 2008, the Arkansas Department of Human Services sought, and Judge Finch entered, a retaining order prohibiting plaintiffs and other members of the White family from, *inter alia,* having any contact with Mr. White's biological children.

2.     On January 6, 2012, the Magistrate Judge filed a Report and Recommendation, in which she recommended that plaintiffs' complaint be dismissed in its entirety because plaintiffs' claims are bared by the statute of limitations; the *Rooker-Feldman* doctrine precludes this Court's review of some of plaintiffs' claims; Judge Finch and Brenda DeShields, the Benton County Clerk, are entitled to immunity; and other named defendants are not state actors and, thus, cannot be sued under 42 U.S.C. § 1983.

On February 15, 2012, this Court adopted the Report and Recommendation *in toto* and dismissed plaintiffs' complaint.

3.     On March 8, 2012, Christopher Newton White filed a Notice of Appeal (Doc. 16) and on the same day both plaintiffs filed separate applications to appeal in forma pauperis (Docs. 17 and 18).

4.     On March 12, 2012, the Magistrate Judge issued her Report and Recommendation in which she recommended that both applications for leave to appeal in forma pauperis be denied as the appeal is not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) (providing that an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

5.     Christopher Newton White objects to the Report and Recommendation on the grounds that he "does not and has not sought to challenge" the termination of his parental rights as he is a "sentient" and "was not and never will be and can not be enjoined as a party to any such alleged 'Termination Hearings'. . . ."

The Court finds that White's objections are without merit and do not provide the Court with any basis on which to reject the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED** that defendant's objection is **overruled**.

**IT IS FURTHER ORDERED** that the **Report and Recommendation of the Magistrate Judge** (Doc. 20) **is adopted *in toto*.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that plaintiffs' appeal is not taken in good faith and, therefore, plaintiffs' applications to appeal in forma pauperis (Docs. 17 and 18*)* are hereby **denied**.

The Clerk is directed to collect the $455 appellate filing fee pursuant to the terms of the Prison Litigation Reform Act. Plaintiff may, of course, renew his motion for leave to appeal in forma pauperis with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

<pre>
                          /s/ Jimm Larry Hendren
                          JIMM LARRY HENDREN
                          UNITED STATES DISTRICT JUDGE
</pre>